## HEDGER *v.* UNION INS. CO.[1]

*(Circuit Court, D. Kentucky.    August 14, 1883.)*

1. INSURANCE POLICY—A CONTRACT OF INDEMNITY.
    An insurance policy is a contract of indemnity, and in the absence of anything to the contrary in the contract, or in the course of dealing between the parties, covers the entire proprietary interest of the assured.

2. SAME—POLICY ON WHISKY IN BOND.
    A policy upon whisky in bond, without reference to the government tax, entitles the assured to include the tax in his recovery, in case of loss, if the assured is liable for the tax.

3. GOVERNMENT LIEN FOR TAX.
    The lien of the government for its tax, and its possession by a store-keeper, is not a proprietary right.
        Sections 3221–3223, Rev. St., construed.

At Law.    On demurrer to petition.

[1] Reported by Geo. Du Relle, Asst. Dist. Atty.

*Lockhart, O'Hara & Bryan,* for plaintiff.

*J. F. & C. H. Fisk,* for defendant.

BARR, J. The general demurrer to this petition raises the question whether, under the policy given by the defendant, the plaintiff can include, in his recovery of the value of the whisky destroyed, the tax of 90 cents per gallon which had been assessed, but not paid. The petition as amended alleges that the plaintiff was at the time of the insurance a distiller, and that the whisky insured was made by him, and that he is still liable for the tax, notwithstanding the destruction of it by fire. If this allegation be true,—and the demurrer admits its truth,—I see no reason why plaintiff should not include the entire value of the whisky in his recovery. The lien of the United States and its possession through a store-keeper is merely a mode of protecting the government and enforcing the tax, and is not a proprietary right. The policy sued on is an indemnity to plaintiff against loss or damage by fire to an amount not exceeding $4,500, and it provides that it is to cover 65½ barrels of whisky, (being 2,500 gallons,) and that the value of the whisky, in case of loss, is not to exceed three dollars per gallon. These provisions would indicate that the parties intended the contract of indemnity to include the tax.

It is true that in the printing on the back of the policy, under the head of "The method of adjustment of loss and payment thereof," it is provided, among other things, that it shall be optional with the company to replace or restore the property lost or damaged. But if plaintiff, as the maker of this whisky, is liable for the tax on it, the only way to indemnify him would be to replace the whisky destroyed by other of equal grade and value, upon which the tax had been paid, and it would not be an indemnity to deliver bonded whisky upon which the tax was unpaid. This provision, however, is a general one, and has, I think, no application to the case under consideration.

The extent of the indemnity given by a policy of insurance depends, of course, upon its terms; but, if the contrary does not appear, the presumption should be that the indemnity covers the entire interest of the assured, whatever that may be. The policy in this case limits the amount to be recovered in any event to $4,500, and upon this sum the premium was charged; but there is no limit or reservation as to the interest covered, and for which the assured was to be indemnified in the event of loss. The interest which the assured (plaintiff) had in this whisky was the entire proprietary right and ownership, subject to the lien for the tax, but for which it is alleged he was and is liable.

The law provides that if whisky is destroyed by accidental fire or other casualty, without the fraud, collusion, or negligence of the owner, and the tax is not covered by a valid insurance, the secretary of the treasury shall abate the tax. Sections 3221–3223, Rev. St. But this law does not change the rule of construction applicable to

these contracts ·of indemnity. The inquiry is, what is covered by the policy according to its terms? This law contemplates there may be a valid insurance covering the entire interest of the assured, including the tax, and in that event there is to be no remission of the tax, (section 3223;) and it seems to me that the proper construction of these contracts of indemnity is to make them include the entire interest of the assured in the property, unless there is something in the contract,, or, it may be, in the course of dealing between the parties, which excludes the interest represented by the tax.

In the case of *Security Ins. Co.* v. *Farrell,* decided in 1872, and reported in 2 Ins. Law J. 302–335, the supreme court of Illinois arrived at a different conclusion than herein indicated, but the court placed its decision upon the erroneous assumption that the assured was not liable under the then law for the tax. This was a mistaken construction of the law, and hence that case is not an authority against the conclusion to which I have arrived.

The supreme court, in the case of *Farrell* v. *U. S.,* decided that a distiller was liable under his bond for the tax on whisky made by him, although it had been destroyed by ·fire while in the distillery warehouse. 99 U. S. 221. This is still the law, although there is ·some difference between the language used in the act approved May, 27, 1872, and that used in the act approved March 1, 1879.

The demurrer is overruled. ·